[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On August 23, 1995, the plaintiff, Gary I. Cohen, filed a complaint against the defendant, Ellen (Ippolito) Collins. Cohen CT Page 14301 alleges in his complaint that from June 4, 1990 through January 20, 1995, he provided legal services for Collins related to an action for the dissolution of marriage and an appeal to the Connecticut Appellate Court. Cohen alleges that Collins agreed to pay him the total amount due on the account upon demand. Her failure to do so is the basis of this action.
Cohen alleges that the Collins has been unjustly enriched in the amount of twenty-four thousand, four hundred and fifty-three dollars and thirty-five cents ($24,453.35). Pursuant to §37-3a of the General Statutes, Cohen is asking for interest in the amount of one thousand six hundred and thirty dollars and twenty-four cents ($1,630.24) and cost of litigation in the amount of five hundred and thirty-four dollars and eighty cents ($534.80) for a total amount of twenty six thousand six hundred and eighteen dollars and thirty-nine cents ($26,618.39) allegedly owed by Collins.
On September 26, 1995, Cohen filed a motion for summary judgment supported by a memorandum of law and an affidavit in support. On October 11, 1995, Collins filed an affidavit in response to Cohen's motion for summary judgement.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law . . . . In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party . . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue . . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court [in support of a motion for summary judgment] . . . . Only evidence that would be admissible at trial may be used to support or oppose a motion for summary judgment." (Citations omitted; internal quotation marks omitted.) Home Insurance Co. v. Aetna Life and Casualty Co.,235 Conn. 185, 202-03, ___ A.2d ___ (1995). CT Page 14302
Cohen argues that no genuine issue of material fact exists as to the services rendered and the amount in controversy and that Collins has been unjustly enriched. In response, Collins raises the argument that she was, in general, overcharged for legal services and specifically overcharged in the amount of eight thousand eight hundred and ninety-four dollars ($8,894.00) in December of 1990.
Collins argues that unsubstantiated charges were billed to her account from October 1990 to December 1990. Collins alleges that her October 31, 1990 invoice showed a balance due of twelve thousand four hundred and fifty-six dollars and seventy-four cents ($12,456.74). She did not receive an invoice in November. Her next invoice was dated December 31, 1990 and showed a past due balance of twenty thousand five hundred and fourteen dollars and twenty-four cents ($20,514.24). She attests in her affidavit that this unsubstantiated increase of eight thousand eight hundred and ninety-four dollars ($8,894.00) raises a genuine issue of material fact to defeat Cohen's motion.
In response to this argument, Cohen produced a copy of the missing invoice by fax transmittal dated October 16, 1995. The faxed invoice, dated December 3, 1990, charged for services rendered between the October 31st invoice and the December 31st invoice and totalled eight thousand four hundred and twelve dollars and fifty cents ($8,412.50). Collins's objection to the addition of this invoice is included in the file.
The court cannot rely on the faxed invoice offered by Cohen for services rendered on or about December 3, 1990 for the following reasons. First, the "invoice" submitted is in the form of a letter entitled "Professional Services Rendered" and is unlike the other invoices submitted throughout the course of the representation. Those invoices entitled, "Statement Summary" stated the previous balance, amount spent on services, expenses, retainer applied (if any) and balance due. This "invoice" fails to record any of this information. Second, the amount due listed on the faxed invoice does not reflect the past balance on the December 31st invoice. According to the October 31st invoice, the amount due was $12,456.74. The faxed invoice showed new charges of $8,412.50. The total of these charges is $20,869.24. This amount should be displayed as the previous balance on the December 31st invoice, however the past due amount on the December 31st invoice is $20,514.24 (a difference of $355.00). No invoices or supporting evidence were offered by Cohen to explain CT Page 14303 this discrepancy. Third, there is no evidence in the record to show that Cohen had ever billed Collins twice in one month during the regular course of the representation which spanned a period of five years. These discrepancies in the faxed invoice constitute genuine issues of material fact which must be explained by additional evidence and testimony.
Moreover, with respect to the total amount owed to Cohen, an examination of the evidence shows that Collins was billed eighty five thousand six hundred and forty-nine dollars and twenty-eight cents ($85,649.28) during the course of Cohen's representation from 1990 to 1995. After allowing for a total credit of sixty four thousand one hundred and fifty-nine dollars and seventy-two cents ($64,159.72) for payments made, the total amount owed Cohen before interest is twenty-one thousand four hundred and eighty-nine dollars and fifty-six cents ($21,489.56) roughly three thousand dollars less than what is demanded by Cohen before interest charges.
Thus, there is a genuine issue of material fact as to the amount in controversy. Accordingly, Cohen's motion for summary judgment is denied.
Howard F. Zoarski, Judge